**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| **VINCENT POUNCY,** | ) |
| | ) Case No. 25-12724 |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **FIRST ADVANTAGE CORPORATION,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

NOW COMES the plaintiff, VINCENT POUNCY, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against FIRST ADVANTAGE CORPORATION, the plaintiff states as follows:

### I.  PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, et. seq.

### II.  JURISDICTION & VENUE

2. Jurisdiction arises under the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.  PARTIES

4. VINCENT POUNCY, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Macomb, State of Michigan.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

6. FIRST ADVANTAGE CORPORATION, (hereinafter, "Defendant"), is a business entity that provides employment screening services to various third-parties.

7. Defendant is registered as corporation in the State of Georgia and has its principal place of business located at 1 Concourse Parkway NE, Atlanta, GA.

8. At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

9. At all relevant times Defendant was a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

10. At all relevant times, Defendant was acting by and through its agents, servants, and/or employees, who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant.

## IV. ALLEGATIONS

11. At all relevant times, "background reports" as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

12. Among other things, the FCRA regulates the collection, maintenance and disclosure of consumer credit report information by consumer reporting agencies.

13. Among other things, Defendant sells consumer reports to employers who wish to screen job applicants.

14. Some of the consumer reports Defendant sells to employers contain information regarding a job applicant's criminal arrest and conviction history.

15. As a consumer reporting agency, when it prepares a consumer report, Defendant is required to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

16. In or around August 2023, Plaintiff applied to Axalta Coating for a position of employment as a Resin Operator.

17. As part of its employment application process, Axalta Coating requires potential employees such as Plaintiff to submit to a background check wherein information pertaining to character, general reputation, personal characteristics and/or mode of living are reviewed and used to determine, together with other factors, whether to hire an applicant.

18. Plaintiff was offered employment with Axalta Coating as a production technician, contingent upon him passing a background check, with his employment scheduled to begin on September 5, 2023.

19. On or about September 1, 2023, in conducting a background check of Plaintiff, Defendant obtained from Defendant a consumer report, as that term is defined by 15 U.S.C. §1681a(d), regarding Plaintiff.

20. Said consumer report was to be used by Axalta Coating to assist in determining Plaintiff's fitness for the position applied for, and to assist it in determining whether to hire Plaintiff for a position of employment.

21. After receiving and reviewing the consumer report it obtained regarding Plaintiff, Axalta Coating intended to deny Plaintiff the employment opportunity based in whole or in part on the aforesaid consumer report.

22. On September 7, 2023, Axalta Coating contacted Plaintiff and advised him that his offer was rescinded because of the results of the background check it performed on him through First Advantage.

23. The consumer report Axalta Coating procured from Defendant about Plaintiff improperly and inaccurately included inaccurate and not up-to-date information about criminal convictions by Plaintiff.

24. The information reported about Plaintiff was inaccurate and misleading.

25. The aforementioned consumer report contained public record information that indicated that Plaintiff had been deemed guilty of a felony of a moving violation causing death from an incident in November of 2020.

26. The aforementioned information is inaccurate and misleading as Plaintiff merely had a record of a misdemeanor for his moving violation and it had occurred in September of 2019.

27. Plaintiff pled guilty to a misdemeanor offense, however, Defendant's reporting has the effect of causing it to appear that Plaintiff had a second charge of a violation causing death, that it was a felony, and that he was found guilty of this felony.

28. Despite the foregoing, Defendant has disseminated consumer reports containing the aforesaid inaccurate information to various third-parties, including Axalta Coating.

29. The inaccurate information negatively reflects upon Plaintiff and Plaintiff's character and general reputation.

30. The background reports have been and continue to be disseminated to various persons and potential employers, both known and unknown.

31. Despite its obligations to comply with the FCRA, Defendant prepared and sold a report purporting to contain information regarding Plaintiff's character and general reputation that was wholly inaccurate.

32. Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about Plaintiff to Axalta Coating and other unknown third parties.

33. Plaintiff has been damaged, and continues to be damaged, in the following ways:

    a. Loss of employment opportunity;

    b. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

34. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

35. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to Plaintiff for engaging in the following conduct:

    a. willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

36. As a result of the of the inaccurate information reported by Defendant to Axalta Coating, Plaintiff was not offered the position of employment.

37. Defendant's conduct as delineated above was willful and a reckless disregard for the law and the rights of the Plaintiff.

38. As a result of Defendant's conduct, as delineated above, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the Defendant's reporting of false information and an injury to his reputation,

39. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully

above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## V.  JURY DEMAND

40. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, VINCENT POUNCY, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00;

    c.    Punitive damages;

    d.    Plaintiff's attorneys' fees and costs; and,

    e.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**VINCENT POUNCY**

By:   s/ David M. Marco

Dated: August 29, 2025

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
7204 Kyle Court
Sarasota, Florida 34240
Telephone:   (312) 546-6539
Facsimile:    (888) 418-1277
E-Mail:        dmarco@smithmarco.com